UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVA OWENS and LARA ROGERS,

                Plaintiffs,

vs.

MICHAEL B. RONEMUS,

                Defendant.

**ORDER**

23 Civ. 3036 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        This action arises out of injuries sustained by Plaintiff Eva Owens while residing at a property owned by Defendant Michael B. Ronemus. Plaintiffs assert claims against Defendant Ronemus for negligence and loss of consortium. (Cmplt. (Dkt. No. 2) ¶¶ 21-32)

        Defendant Ronemus has moved to dismiss for lack of personal jurisdiction and for failure to state a claim. (Dkt. No. 42) For the reasons stated below, Defendant's Rule 12(b)(2) motion to dismiss will be granted.

## BACKGROUND

### I.    FACTS[1]

        Plaintiffs Eva Owens and Lara Rogers are married and allege that they are citizens of the State of Washington. Plaintiffs contend that Defendant Ronemus – who is a

---

[1] The Court's factual statement is drawn primarily from the Complaint. The Complaint's well-pled factual allegations are presumed true for purposes of resolving the pending motion. See Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007). Where, as here, jurisdictional discovery has taken place, the Court may also consider affidavits, declarations, and supporting material outside of the pleadings that are relevant to the jurisdictional inquiry; these sources must be construed "in the light most favorable to plaintiffs, resolving all doubts in their favor." S. New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 138 (2d Cir. 2010) (citation and quotation marks omitted); see also Ziegler, Ziegler & Assocs. LLP v. China Digital Media Corp., 05 Civ. 4960 (LAP), 2010 WL 2835567, at *2 (S.D.N.Y. July 13, 2010) (same).

partner in a law firm headquartered in Manhattan – has his "principal place of business" in Manhattan.[2] (Cmplt. (Dkt. No. 2) ¶¶ 1-4; Fisher Decl. (Dkt. No. 44) ¶ 9)  Subject matter jurisdiction is premised on diversity of citizenship, 28 U.S.C. § 1332, and personal jurisdiction over the Defendant is premised on the fact that he is a partner in a law firm headquartered in Manhattan.  (Cmplt. (Dkt. No. 2) ¶ 5; Fisher Decl. (Dkt. No. 44) ¶¶ 8-9)

Defendant owns "a rental property known as 'Creando Olas' [] in the Village of Troncones, State of Guerrero, Mexico."  (Id. ¶¶ 7-8)  Plaintiff Owens found an advertisement for the property online and reserved it "for the week of April 10, 2021 through April 17, 2021," "pa[ying] rent to the defendant for the rental property."  (Id. ¶¶ 14-15)  On April 12, 2021, "while the plaintiff Eva Owens was leaning against a wooden stairway railing on the outside edge of the stairs, the stairway railing collapsed causing Ms. Owens to fall to the ground below . . . [and] sustain[] severe personal injuries and damages."  (Id. ¶¶ 18-19)

Plaintiff Owens alleges that Defendant Ronemus acted negligently in "improperly designing, constructing, installing, servicing, repairing, and failing to warn of the dangers associated with the subject stairway railing."  (Id. ¶¶ 21-27)  Owens seeks "up to" $5 million in damages.  (Id. ¶ 28)

Plaintiff Rogers brings a loss of consortium claim against Defendant, alleging that Eva Owens is her wife and that by reason of Owens' injuries, Rogers has been – and will continue to be – "deprived of the services, society, companionship, consortium and support of" Owens.  (Id. ¶¶ 29-31)  Rogers seeks "up to" $2 million in damages.  (Id. ¶ 32)

---

[2] Ronemus has been licensed to practice law in New York since April 25, 1984.  He is a partner in Ronemus & Vilensky LLP, 112 Madison Ave., New York, New York 10016.  Defendant has maintained an office in New York City for his law practice since at least July 9, 2003.  (Fisher Decl., Ex. D (Dkt. No. 44-4); id., Ex. E (Dkt. No. 44-5))

2

## II.     PROCEDURAL HISTORY

The Complaint was filed on April 11, 2023. (Cmplt. (Dkt. No. 1))

Defendant filed an Answer on June 15, 2023, asserting several affirmative defenses, including that "[p]ursuant to New York choice of law principles, the law of New York is inapplicable and Mexican law should be applied in this case." (Answer (Dkt. No. 12) at 4)[3] In his Answer, Defendant "reserve[d] the right to assert additional defenses." (Id. at 5)

In a July 27, 2023 pre-motion letter, Defendant contends that this case should be dismissed for lack of personal jurisdiction. (July 27, 2023 Def. Ltr. (Dkt. No. 16))

On October 30, 2023, this Court ordered the parties to conduct thirty days of jurisdictional discovery. (Dkt. No. 27)

Following jurisdictional discovery, Defendant requested leave to file a motion to dismiss premised both on lack of personal jurisdiction and the statute of limitations. (Dec. 20, 2023 Def. Ltr. (Dkt. No. 30))  This Court granted that application. (Dkt. No. 31)

On January 25, 2024, Defendant filed his motion to dismiss. (Def. Mot. (Dkt. No. 42))

## DISCUSSION

Defendant contends that this action must be dismissed because (1) this Court lacks personal jurisdiction over him, and (2) the applicable Mexican statute of limitations for this action has expired. (Def. Br. (Dkt. No. 42-7))  As to personal jurisdiction, Plaintiffs respond that this Court has general personal jurisdiction over Defendant pursuant to New York's long-arm statute, N.Y. C.P.L.R. § 301.  (Pltf. Opp. (Dkt. No. 46) at 7-16)  As to Defendant's statute of

---

[3] All references to page numbers in this Order are as reflected in this District's Electronic Case Files ("ECF") system.

limitations argument, Plaintiffs contend that (1) Ronemus may not raise it because he did not plead it as an affirmative defense, and (2) in any event Defendant has misconstrued the length of the applicable statute of limitations. (Id. at 16-18)

## I. LEGAL STANDARDS

### A. Rule 12(b)(2)

"The plaintiff bears the burden of establishing that the court has jurisdiction over the defendant when served with a Rule 12(b)(2) motion to dismiss." Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001). The nature of plaintiff's burden "varies depending on the procedural posture of the litigation." Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990). Prior to discovery, a plaintiff may carry this burden "by pleading in good faith . . . legally sufficient allegations of jurisdiction. At that preliminary stage, the plaintiff's prima facie showing may be established solely by allegations." Id. "In contrast, when an evidentiary hearing is held, the plaintiff must demonstrate the court's personal jurisdiction over the defendant by a preponderance of the evidence." Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996).

"Where as here . . . the parties have conducted . . . discovery regarding the defendant's contacts with the forum state, but no evidentiary hearing has been held[,] the plaintiff's prima facie showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited . . . , would suffice to establish jurisdiction over the defendant." Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999) (citations and quotation marks omitted). Plaintiff may make this showing through "affidavits and supporting materials." S. New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 138 (2d Cir. 2010) (citation and quotation marks omitted). Accordingly, where jurisdictional discovery has taken place, the Court may consider materials outside of the pleadings, but the materials

4

must be construed "in the light most favorable to plaintiffs, resolving all doubts in their favor." Id. (citation and quotation marks omitted); see also Ziegler, Ziegler & Assocs. LLP v. China Digital Media Corp., 05 Civ. 4960 (LAP), 2010 WL 2835567, at *2 (S.D.N.Y. July 13, 2010) (same).

The determination of whether a federal court has personal jurisdiction over a defendant involves a "two-part inquiry." Metro. Life Ins., 84 F.3d at 567. The court "must [first] determine whether the plaintiff has shown that the defendant is amenable to service of process under the forum state's laws." Id. The court "must [then] assess whether the court's assertion of jurisdiction under these laws comports with the requirements of due process." Id.; see also Chloé v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163-64 (2d Cir. 2010) ("To determine personal jurisdiction over a non-domiciliary in a case involving a federal question, the Court must engage in a two-step analysis. First, we apply the forum state's long-arm statute. . . . If the long-arm statute permits personal jurisdiction, the second step is to analyze whether personal jurisdiction comports with the Due Process Clause of the United States Constitution. This analysis has two related components: the 'minimum contacts' inquiry and the 'reasonableness' inquiry." (citations omitted)).

"[C]ontacts with [a] forum may confer two types of jurisdiction – specific and general." In re Parmalat Sec. Litig., 376 F. Supp. 2d 449, 453 (S.D.N.Y. 2005) (footnote omitted). "Specific jurisdiction exists when a forum 'exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum.'" Id. (quoting Metro. Life Ins., 84 F.3d at 567-68). "[G]eneral jurisdiction exists only when a [defendant]'s contacts with a state are 'so "continuous and systematic" as to render [it] essentially at home in the forum State.'" Sonera Holding B.V. v. Cukurova Holding A.S., 750

5

F.3d 221, 225 (2d Cir. 2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). "A court with general jurisdiction over a [defendant] may adjudicate all claims against that [defendant] – even those entirely unrelated to the defendant's contacts with the state." Id.

## II.   ANALYSIS

### A.   Whether General Jurisdiction Exists

Defendant Ronemus states that he "resides in the state of Connecticut" and that "a non-resident individual cannot be subject to general jurisdiction under CPLR § 301 unless he or she is doing business individually, and not on behalf of a corporation [or other business entity]." (Def. Br. (Dkt. No. 42-7) at 7-8)  Defendant further argues that personal service – as effected in this case – does not confer general jurisdiction over him.  (Id.)

Plaintiffs counter that Ronemus is subject to general jurisdiction in New York "by reason of his having his principal place of business in the City of New York." (Pltf. Opp. (Dkt. No. 46) at 7)  In the alternative, Plaintiffs argue that "general personal jurisdiction is proper under CPLR 308(2) with service of the summons and complaint in New York upon a suitable person at Defendant's actual place of business in New York City and the mailing of the process in New York to Defendant at his actual place of business in New York City." (Id.)

#### 1.   "Personal Service"

As an initial matter, this Court must decide whether personal service under CPLR § 308(2) provides a court with general jurisdiction over the served defendant.  CPLR § 308(2) states that

> [p]ersonal service upon a natural person shall be made . . . by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person

6

> to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing; proof of service shall identify such person of suitable age and discretion and state the date, time and place of service, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law.

N.Y. CPLR § 308(2). Fed. R. Civ. P. 4(k) provides that "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P 4(k1)(1)(a).

Plaintiffs argue that "an individual can be subject to personal jurisdiction in New York when the individual is served with process in New York." (Pltf. Opp. (Dkt. No. 46) at 14) According to Plaintiffs, because Defendant Ronemus "was served pursuant to [CPLR § ]308(2)," "it may be concluded that [he] was personally served in New York, thereby establishing personal jurisdiction under CPLR 301." (Id. at 15) Defendant Ronemus counters that he "was not served personally while he was physically present in New York," and that "[i]nstead[] service was effectuated on a co-worker at his place of employment." (Def. Br. (Dkt. No. 42-7) at 8)

As a general matter, under New York law "'personal service on an individual within the state'" provides a sufficient basis for a court to exercise "'personal jurisdiction over [that] individual.'" Mohamad v. Rajoub, 17 Civ. 2385 (LAP), 2018 WL 1737219, at *5 (S.D.N.Y. Mar. 12, 2018), aff'd, 767 F. App'x 91 (2d Cir. 2019) (quoting Estate of Ungar v. Palestinian Auth., 400 F. Supp. 2d 541, 553 (S.D.N.Y. 2005), aff'd, 332 F. App'x 643 (2d Cir. 2009)). As the commentary to CPLR § 301 explains, jurisdiction premised on personal service –

7

also known as "tag" jurisdiction – is proper because "[s]ervice of process on the defendant while she is present in New York is a time-honored basis for the exercise of in personam jurisdiction. . . . The purpose and duration of a defendant's presence in New York generally are irrelevant to the inquiry. . . .'Transient' presence, in other words, will suffice." Id. (quoting N.Y. C.P.L.R. 301 (McKinney)). Moreover, "Fed. R. Civ. P. 4(e)(2) specifically authorizes personal service of a summons and complaint upon an individual physically present within a judicial district of the United States, and such personal service comports with the requirements of due process for the assertion of personal jurisdiction." Kadic v. Karadzic, 70 F.3d 232, 247 (2d Cir. 1995); see also Margouleff v. Beck, 18 Civ. 7334 (RA), 2019 WL 3296989, at *2 (S.D.N.Y. July 23, 2019) ("Personal service upon an individual within the jurisdiction of the court . . . constitutes a valid basis for the assertion of personal jurisdiction.").

Here, however, Plaintiffs did not serve Ronemus while he was "physically present" within" this District and in New York. Kadic, 70 F.3d at 247. Instead, Plaintiffs served him "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business." N.Y. C.P.L.R. § 308(2). While C.P.L.R. § 308(2) characterizes this type of service as "personal service," "tag" jurisdiction is premised on service on the defendant when he or she is physically present within the state and district. Because no such service took place here, "tag" jurisdiction is not available. Indeed, Plaintiffs have not cited – and this Court has not found – any case finding general jurisdiction over an individual based on such service.

2.   **"Doing Business"**

Defendant argues that "a non-resident individual cannot be subject to general jurisdiction under CPLR § 301 unless he or she is doing business individually, and not on behalf of a corporation [or other business entity]." (Def. Br. (Dkt. No. 42-7) at 8)  Defendant asserts

8

that he "is not working individually as an attorney, but instead on behalf of [a] partnership/business providing legal services cooperatively." (Id.)

Plaintiffs counter that Defendant Ronemus is "subject to general personal jurisdiction by reason of his legal practice in New York." (Pltf. Opp. (Dkt. No. 46) at 11) Plaintiffs also complain that although Defendant Ronemus claims that he is working on behalf of a partnership, he has not "submit[ted] a copy of the partnership agreement." (Id. at 12)

Historically, for a court "[t]o exercise general personal jurisdiction over a foreign corporation [or other business entity] under [New York's general jurisdiction provision, N.Y. C.P.L.R. § 301]," "the defendant [had to] be engaged in such a continuous and systematic course of 'doing business' [in New York] as to warrant a finding of its 'presence' in this jurisdiction." Lear v. Royal Caribbean Cruises Ltd., 20 Civ. 4660 (GHW), 2021 WL 1299489, at *4 (S.D.N.Y. Apr. 7, 2021) (citation and quotation marks omitted); see id. (explaining that the "doing business" test can also be applied to non-resident individuals). "To determine whether a defendant 'does business' in New York, courts . . . focused on the following factors: 'the existence of an office in New York; the solicitation of business in the state; the presence of bank accounts and other property in the state; and the presence of employees of the foreign defendant in the state.'" Patel v. Patel, 497 F. Supp. 2d 419, 425 (E.D.N.Y. 2007) (quoting Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 58 (2d Cir. 1985)).

In 2014, however, the Supreme Court issued Daimler AG v. Bauman, 571 U.S. 117 (2014), which explains that "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there," Daimler, 571 U.S. at 137, and that a corporation will not be subject to "general jurisdiction in every State in which [it] 'engages in a substantial, continuous, and systematic course of business.'" Id. at 138. "Accordingly, the

9

[proper] inquiry . . . is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so "continuous and systematic" as to render [it] essentially at home in the forum State.'" Id. at 138-39 (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." Id. (quoting Goodyear Dunlop, 564 U.S. at 924); see also Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., 592 U.S. 351, 358–59 (2021) ("In what we have called the 'paradigm' case, an individual is subject to general jurisdiction in her place of domicile." (internal citations omitted)).

The Second Circuit has noted that, in Daimler, "the [Supreme] Court expressly cast doubt on previous Supreme Court and New York Court of Appeals cases that permitted general jurisdiction on the basis that a foreign corporation was doing business through a local branch office in the forum." Gucci Am., Inc. v. Weixing Li, 768 F.3d 122, 135 (2d Cir. 2014). And the Second Circuit has acknowledged "some tension between Daimler's 'at home' requirement and New York's 'doing business' test." Sonera Holding B.V. v. Cukurova Holding A.S., 750 F.3d 221, 225 n.2 (2d Cir. 2014). As a result, the Second Circuit has stated that "[g]eneral jurisdiction over an individual comports with due process in the forum where he is 'at home,' meaning the place of 'domicile.'" Reich v. Lopez, 858 F.3d 55, 63 (2d Cir. 2017) (quoting Sonera Holding, 750 F.3d at 225). While, "[i]n an 'exceptional case,' an individual's contacts with a forum might be so extensive as to support general jurisdiction notwithstanding

domicile elsewhere, . . . the Second Circuit has yet to find such a case." Id. (quoting Daimler, 571 U.S. at 139).[4]

Under Daimler, factors such as "the existence of an office in New York; the solicitation of business in the state; the presence of bank accounts and other property in the state; and the presence of employees of the foreign defendant in the state," Patel, 497 F. Supp. 2d at 425, are "relevant only if they exist to such a degree in comparison to the corporation's overall national and international presence that would render the corporation an 'exceptional case' where it is at home in [an] additional forum." Chatwal Hotels & Resorts LLC v. Dollywood Co., 90 F. Supp. 3d 97, 104 (S.D.N.Y. 2015); see also Ritchie Cap. Mgmt., 2015 WL 13019620, at *5 (quoting same).

And while these cases address corporate defendants, courts have applied the "at home" reasoning to non-resident individuals as well. See Ford Motor Co., 592 U.S. at 358 ("A state court may exercise general jurisdiction only when a defendant is 'essentially at home' in the State," and "an individual is subject to general jurisdiction in her place of domicile."); Reich, 858 F.3d at 63 ("General jurisdiction over an individual comports with due process in the forum

---

[4] Many courts in this District have expressed doubt that New York's "doing business" test for the exercise of personal jurisdiction remains viable after Daimler. See Cortlandt St. Recovery Corp. v. Deutsche Bank AG, London Branch, 14 Civ. 1568 (JPO), 2015 WL 5091170, at *3 (S.D.N.Y. Aug. 28, 2015) ("It is uncertain if New York's 'doing business' jurisdiction remains viable in light of Daimler."); Ritchie Cap. Mgmt., L.L.C. v. Costco Wholesale Corp., 14 Civ. 4819 (VSB), 2015 WL 13019620, at *5 (S.D.N.Y. Sept. 21, 2015) (collecting cases); Meyer v. Bd. of Regents of Univ. of Oklahoma, 13 Civ. 3128 (CM), 2014 WL 2039654, at *4 (S.D.N.Y. May 14, 2014) ("Indeed, the 'at home in' formulation of Daimler calls into the question the notion that 'doing business in' New York – the traditional formulation of the CPLR 301 test – is constitutionally compliant."); J.T. v. de Blasio, 500 F. Supp. 3d 137, 161–62 (S.D.N.Y. 2020), aff'd in part, appeal dismissed in part sub nom., K.M. v. Adams, No. 20-4128, 2022 WL 4352040 (2d Cir. Aug. 31, 2022) ("The old 'doing business' test for general jurisdiction was effectively abolished by Daimler, making it much harder to sue an out-of-state entity in New York for conduct that has no connection to New York.").

where he is 'at home,' meaning the place of 'domicile.'" (quoting Sonera Holding B.V., 750 F.3d at 225)); Lebron v. Encarnacion, 253 F. Supp. 3d 513, 519 (E.D.N.Y. 2017) ("Similarly, as it relates to individuals, the new inquiry focuses on whether the defendant may fairly be regarded as 'at home' in the forum state – a location which, according to the Second Circuit, is generally limited to that individual's domicile."); Williams v. Preeminent Protective Servs., Inc., 81 F. Supp. 3d 265, 270 n.2 (E.D.N.Y. 2015) ("Although the Supreme Court's recent decisions concerning general jurisdiction have focused on corporate entities, the same analysis obviously applies to individuals transacting business in a forum state."); but see Mohamad v. Rajoub, 17 Civ. 2385 (LAP), 2018 WL 1737219, at *6 (S.D.N.Y. Mar. 12, 2018), aff'd, 767 F. App'x 91 (2d Cir. 2019) (declining to "extend the boundaries of Daimler" and rejecting the argument that Daimler's "at home" test should apply equally to individuals and entities).

In arguing that this is the "exceptional case" in which "an individual's contacts with a forum [are] so extensive as to support general jurisdiction notwithstanding domicile elsewhere," Reich, 858 F.3d at 63, Plaintiffs note that

> (1) Defendant is licensed to practice law in New York and has been since April 25, 1984. (Attorney Report, Ex. D); (2) Defendant himself has been representing clients in New York for more than 20 years of practice. (Ronemus & [V]ilensky LLP Website Excerpt, Ex. F[)]; (3) Defendant maintains an office for his legal practice in New York City and has since at least July 9, 2003. (NYS Dept. of State, Entity Information, Ex. E, Attorney Report, supra, Ex. D); and (4) Defendant is a member of Ronemus & Vilensky, LLP, a New York registered domestic limited liability partnership since at least July 9, 2003 (NYS Dept of State, supra, Ex. D).

(Pltf. Opp. (Dkt. No. 46) at 11)

While Defendant Ronemus is licensed to practice law in New York and appears to be a name partner in the Ronemus & Vilensky LLP law firm – which has been a registered partnership in New York since July 9, 2003 (Fisher Decl., Ex. D (Dkt. No. 44-4) at 2; id., Ex. E (Dkt. No. 44-5) at 2) – the website cited by Plaintiffs also states that Ronemus is "licensed to

12

practice law in . . . Massachusetts" and is "admitted in Connecticut." (Id., Ex. F (Dkt. No. 44-6) at 2; Pltf. Opp. (Dkt. No. 46) at 11)  And while this Court gave Plaintiffs thirty days to conduct jurisdictional discovery – so that Plaintiffs could explore Defendant Ronemus's contacts with New York – Plaintiffs have cited only to the law firm's website and New York Department of State records. (Fisher Decl., Ex. D (Dkt. No. 44-4); id., Ex. E (Dkt. No. 44-5)); see also Bank Brussels Lambert, 171 F.3d at 784 ("Where as here . . . the parties have conducted . . . discovery regarding the defendant's contacts with the forum state, but no evidentiary hearing has been held[,] the plaintiff's prima facie showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited . . . , would suffice to establish jurisdiction over the defendant." (citations and quotation marks omitted)).  While Plaintiffs have demonstrated that Ronemus & Vilensky LLP is subject to general jurisdiction in this District, that is not sufficient to demonstrate that general jurisdiction may be exercised over Ronemus.  Instead, this Court must examine Ronemus's ties to this District.

The Second Circuit has instructed that "[g]eneral jurisdiction over an individual comports with due process in the forum where he is 'at home,' meaning the place of 'domicile.'" Reich, 858 F.3d at 63; see Sonera Holding B.V., 750 F.3d at 225 ("The paradigm forum for general jurisdiction over an individual is the individual's domicile, his home.").[5]  Given that it is

---

[5] In arguing that New York is Ronemus's "principal place of business," (Pltf. Opp. (Dkt. No. 46) at 7), Plaintiffs presumably seek to invoke Daimler's holding that a corporation is subject to general jurisdiction wherever it is incorporated and has its principal place of business.  Daimler stands for the proposition that general jurisdiction exists where a defendant is "at home," however, and "home" differs for corporations and individuals. See Daimler, 571 U.S. at 139.  The "paradigm" case for "an individual is . . . her place of domicile[,] [while] . . . the 'equivalent' forums for a corporation are its place of incorporation and principal place of business." Ford Motor Co., 592 U.S. at 358-59 (quoting Daimler, 571 U.S. at 137).  Accordingly, the pertinent inquiry here is whether Ronemus is "at home" in New York.  While Ronemus's law firm may be "at home" in New York, that fact is not dispositive of whether Ronemus is "at home" here.

undisputed that Ronemus is domiciled in Connecticut (McLaren Decl. (Dkt. No. 42-1) ¶ 14), the case law demands that Plaintiffs make an "averment of facts," Bank Brussels Lambert, 171 F.3d at 784, demonstrating that his "contacts with [the] forum [are] so extensive as to support general jurisdiction notwithstanding domicile elsewhere." Reich, 858 F.3d at 63. And, as the Second Circuit has stated, only in "'an exceptional case'" will "an individual's contacts with a forum . . . be so extensive as to support general jurisdiction notwithstanding domicile elsewhere." Reich, 858 F.3d at 63 (quoting Daimler, 571 U.S. at 139). As noted above, the "Second Circuit has yet to find such a case." Id.

In Reich, the Second Circuit declined to exercise general jurisdiction over non-resident individual defendants, even though one of the defendants owned an apartment in New York:

> Betancourt, a Venezuelan citizen, has relationships with New York banks and law firms, and owns an apartment in New York; but he spent fewer than 5% of nights in New York during a 31-month period the district court examined. Trebbau, also a Venezuelan citizen, does not own or rent any property in New York. In the same 31-month period, he spent fewer than 3% of nights in New York. The defendants' contacts with New York do not approach the point at which general jurisdiction over them would comport with due process.

Id.

Likewise, in Lebron, the court rejected plaintiff's argument that a baseball player was subject to general jurisdiction in New York based on the fact that "Defendant's team played between 9 and 12 games in New York against the Mets and/or the Yankees" for three consecutive years. Lebron, 253 F. Supp. 3d at 520. While plaintiff argued that "it [wa]s reasonable to assume that the Defendant has similarly traveled to New York for a comparable number of games in each of his twelve seasons in the major leagues," the court found that this showing fell "far short of demonstrating a presence in New York so continuous and systematic that the Defendant can fairly be regarded as 'at home' here." Id. In so ruling, the court rejected

"Plaintiff's reliance on the Defendant's association with professional organizations that maintain permanent offices in New York." Id.

While the facts here present a closer question, the fact that Ronemus is a member of the New York bar and is a partner in a law firm headquartered in New York, is not sufficient – standing alone – to demonstrate that this is the "exceptional case" where a non-domiciliary can be regarded as "at home" here for purposes of general jurisdiction. Cf. Pfaff v. Deutsche Bank AG, 20 Misc. 25 (KPF), 2020 WL 3994824, at *5 (S.D.N.Y. July 15, 2020) (holding that while a corporate defendant "concededly ha[d] offices and employees in New York, that alone cannot subject them to general jurisdiction."). The Court gave Plaintiffs thirty days of jurisdictional discovery so that the record could be expanded as to Ronemus's contacts with this jurisdiction. It is not clear that Plaintiffs took any jurisdictional discovery, however. As a result of Plaintiffs' failure to pursue jurisdictional discovery, the Court has no information concerning how often Ronemus is in New York. Given that Ronemus is domiciled in Connecticut and is admitted to practice both in Connecticut and in Massachusetts, this Court cannot assume that his practice regularly brings him into New York. Any such conclusion would be mere speculation, given Plaintiffs' failure to take the necessary jurisdictional discovery.

The Court concludes that Plaintiffs have not met their burden to make a prima facie showing that this Court has in personam jurisdiction over Defendant Ronemus. Accordingly, Defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction will be granted.

## **CONCLUSION**

For the reasons stated above, Defendant's Rule 12(b)(2) motion to dismiss (Dkt. No. 30) is granted. The letter motions (Dkt. Nos. 47, 49) are denied as moot. The Clerk of Court is directed to terminate the motions (Dkt. Nos. 30, 47, 49), and to close this case.

Dated: New York, New York
      June 24, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge